UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATSY BOWEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:10-cv-02370 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 26) |

Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Patsy Bowen ("Plaintiff"), seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 26). Plaintiff has not opposed the motion. Defendant filed a response, asserting the Commissioner "takes no position on the reasonableness of the request." (Doc. 27 at 4). For the following reasons, the Court recommends the motion for attorney fees be **GRANTED**.

**I.    Factual and Procedural History**

On December 17, 2010, Plaintiff and Counsel entered into a contingent fee agreement, which required Plaintiff to pay twenty-five percent of any past due benefits awarded in connection with the representation. (Doc. 26, Exh. 1).

On February 18, 2010, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1). The Court determined the decision was not supported by substantial evidence in the record, and issued an order remanding the case for payment of benefits

1

to Plaintiff on March 8, 2012. (Doc. 22). Following the entry of judgment in favor of Plaintiff (Doc. 23), the parties stipulated to an award of $4,600.00 in attorney fees pursuant to the Equal Access to Justice Act (Doc. 25), which was awarded on July 25, 2012 (Doc. 25).

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

**III.    Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits. Counsel accepted the risk of loss in the representation and spent 28.95 hours on the case. (Doc. 26 at 3). Counsel provided a record of the time spent on the matter, which demonstrates the amount of time was reasonable. (Doc. 26, Exh. 4).

As a result of Counsel's work, she secured a remand of the matter for an award of benefits to Plaintiff. For this, Counsel requests a fee of $12,832.00 under the fee contract, because Plaintiff

expects to receive $51,328.80 in retroactive benefits.  (Doc. 26 at 3).  Because the Commissioner paid $4,600.00 the EAJA, the net cost to Plaintiff is $8,232.00.  *Id.* at 6.  Notably, although served with the motion and informed a response may be filed (Doc. 26 at 2), Plaintiff did not file an opposition.

### IV.     Findings and Recommendations

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $12,832.00 be **GRANTED**;
2. The Commissioner be **DIRECTED** to pay the amount directly to Counsel; and
3. Counsel be **DIRECTED** to refund $4,600.00 to Plaintiff Patsy Bowen.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2012**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE